48 177
82 430

---

WILLIAM STEWART v. JOSIAH A. RIOPELLE.

*Titles of statutes.*

The constitutional provision that the object of an act shall be expressed in its title has nothing to do with acts previously passed or with the headings of chapters in the Compiled Laws.

The Compiled Laws are not an original enactment or a re-enactment of the statutes compiled, and have no force except as a compilation of existing statutes properly arranged, and not altered.

Case made from Wayne. Submitted April 11. Decided April 19.

CASE. Defendant had judgment. Reversed.

*B. T. Prentis* and *Moore & Moore* for appellant.

*Ward & Palmer* for appellee.

CAMPBELL, J. This action was brought to recover a penalty of $200 against defendant, who was a deputy sheriff of Wayne county, for refusing for more than six hours to deliver to plaintiff a copy of a warrant under which he had arrested him, after demand and tender of legal fees.

The case was made out by testimony in the court below, but the court ordered a verdict for defendant, which is now sought to be justified on the ground that the law is unconstitutional because including more than one subject, and not including this subject under its title. Comp. L. § 7042.

The point is made that this section is included in the Compiled Laws in a general chapter relating to writs of *habeas corpus* and *certiorari*, and that there is nothing under these heads or under any of the sub-titles of the chapter relating to such an action as this.

But the Compiled Laws are in no sense a re-enactment or an original enactment of the provisions contained in them. The Constitution expressly forbids a revision of the laws, and in providing for a compilation confines it to existing laws; and the approval of it is made by commissioners and not by the Legislature. Const. art. 18 § 15. It is the original law which continues to exist, and the Compiled Laws have no force except as a compilation of existing statutes properly arranged but not altered.

There is nothing in the Constitution applying the rule of single subjects and explicit titles to any but future legislation. The statute now in controversy is an ancient one,

which has been adopted in this State under both revisions of 1838 (p. 519) and 1846 (p. 586) as a part of the *habeas corpus* act; and it is a very important safeguard against wrongful arrests, which the courts are bound to enforce. It is too clear and precise to leave any room for construction. The plaintiff ought to have recovered the penalty.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.